UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number:  11-11531

ANGELA LUCIA GOMEZ
    Debtor
_____/

OBJECTION TO MOTION TO ALLOW LATE CLAIM

Nancy K Neidich, Standing Chapter 13 Trustee ("Trustee"), files this Objection to the Motion to Allow Late Claim and states as follows:

The Creditor admits that the claim is late.  The claim is unsecured.  The Trustee has commenced disbursements to the unsecured creditors and the allowance of this claim will create an administrative burden as her computer system will not reflect a fair and even disbursement to all crediors.

**Laches as there was no intent to hold the estate liable for an unsecured claim**

The claimant did not file its claim prior to the bar date.  Thus the claimant did not evidence an intent to hold the estate liable for payment of the claim.

**Late filed proof of claim**

The filing of a proof of claim in Chapter 13 is governed by Federal Rules of Bankruptcy Procedure (Rule) 3002.  An unsecured creditor must file a timely proof of claim to hold an allowed unsecured claim pursuant to Rule 3002(a).  In addition, Rule 3002(c) requires that proof of claim must be filed not later than 90 days after the first date set for the meeting of creditors. These Rules do provide for five (5) specific exceptions, none of which apply in this case. Rule 9006(b)(3) specifically limits the conditions under which the courts may enlarge the time for filing a proof of claim to those five specific exceptions listed in Rules 3002(c).  Accordingly, the

Court is unable to extend the bar date pursuant to the Rules.

In fact, when the Supreme Court found excusable neglect for the late filing of a proof of claim in a Chapter 11, it excluded Chapter 13 and Chapter 7 from its findings. <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123 L.Ed.2d 74, (U.S.Tenn. 1993), Footnote 4 states:

> "The time-computation and time-extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted. Subsections (b)(2) and (b)(3) of Rule 9006 enumerate those time requirements excluded from the operation of the "excusable neglect" standard. One of the time requirements listed as excepted in Rule 9006(b)(3) is that governing the filing of proofs of claim in Chapter 7 cases. Such filings are governed exclusively by Rule 3002(c). See Rule 9006(b)(3); By contrast, Rule 9006(b) does not make a similar exception for Rule 3003(c), which, as noted earlier, establishes the time requirements for proofs of claim in Chapter 11 cases. Consequently, Rule 9006(b)(1) must be construed to govern the permissibility of late filings in Chapter 11 bankruptcies." <u>Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380, 113 S.Ct. 1489, 1505, 123 L.Ed.2d 74, (U.S.Tenn. 1993)

The Rules governing proof of claims in Chapter 7 are the same as those governing in Chapter 13. Consequently, the Supreme Court's analysis would be applied in a Chapter 13. Just as in a Chapter 7 case, a Chapter 13 case has a finite period of existence. If a unsecured creditor filed a proof of claim after the distribution of funds has begun to creditors, it would create an administrative burden on the Trustee to re-calculate the pro rata percentage due to each creditor. Furthermore, the Trustee may be required to seek a return of funds from creditors already paid or to seek an increase in the debtor's payments to pay the late claim's pro rata share.

WHEREFORE, the Trustee requests that this Court strike and disallow Claim #11 filed by Citimortgage as the claim was filed after the bar date.

Submitted by:
NANCY K. NEIDICH, ESQ
CHAPTER 13 TRUSTEE

_____/s/_____
AMY E. CARRINGTON
FLORIDA BAR NO: 0101877
P.O. BOX 279806
MIRAMAR, FL 33027
(954) 443-4402

Certificate of Service

I hereby certify that on the same date the objection was filed with the Court a true and correct copy of the foregoing objection to claim was served through NEF on the debtor's attorney and, Melbalynn Fisher, Esq attorney for Citimortgage.

Submitted by:

_____
NANCY K. NEIDICH, ESQ
CHAPTER 13 TRUSTEE